## A. KASTOR & BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. February 10, 1909.)

No. 5,182.

Customs Duties (§ 26*)— Classification — Odd-Shaped Knives — "Pen-knives"—"Toys."

The real test of whether an article is a toy is its use by children as a plaything; and diminutive penknives, with odd-shaped handles, which, though they cannot be effectively used for most of the purposes for which an ordinary pocketknife is used, are not in fact used as playthings, are less properly classed as "toys," under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 418, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1674), than

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as "penknives," under Schedule C, par. 153, 30 Stat. 163 (U. S. Comp. St. 1901, p. 1641).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*

For other definitions, see Words and Phrases, vol. 8, pp. 7036, 7818.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which affirmed the assessment of duty by the collector of customs at the port of New York, reads as follows:

FISCHER, General Appraiser: The merchandise consists of one-blade penknives about two inches in length, with odd-shaped handles. Some of these resemble in shape a lady's slipper, others a gun, a hat, a fish, etc. Duty was assessed on these articles as penknives, valued at not more than 40 cents per dozen, at the rate of 40 per cent. ad valorem under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 153. 30 Stat. 163 (U. S. Comp. St. 1901, p. 1641), and they are claimed to be dutiable properly as toys at the rate of 35 per cent. under paragraph 418 of said act. The articles are diminutive penknives, with peculiar or odd-shaped handles. The cutting blade and other metal parts thereof are made of cheap Bessemer steel. The knives are evidently not toys, but a cheap grade of cutlery. That they are toys is the only claim set up by the importers.

Their contention is apparently based upon the low cost of the article, the peculiar or odd shape of the handle, and the miniature form or size of the knife. The dutiable character of this class of articles is not to be determined by the cheapness of the knife, by its odd or unusual shape, or the fact that it is smaller in size than the ordinary penknife. That must be determined and conditioned by the character and the use of the said articles. The testimony is far from convincing on the question as to whether they are used as toys, and from an examination of the samples we must take notice that knives of this kind are certainly not of the character in general use as playthings. As to size, the board held that neither miniature opera glasses nor miniature penknives were to be regarded as toys. G. A. 5,833 (T. D. 25,734); G. A. 6,264 (T. D. 26,996). As to odd shape, the board held that automatic pencils in the form of a gun were not toys. G. A. 6,020 (T. D. 26,306). As far as the cost of the articles might affect their classification, the board held in the matter of metal nippes that no matter how trifling the cost might be the articles were not on that ground alone to be considered as toys. G. A. 6,638 (T. D. 28,296).

We are of the opinion that these knives are not commonly in use as playthings for children, and we hold that they are not toys. If they are not penknives, as classified, they would then have to be considered as manufactures of metal under paragraph 193, and so dutiable at the rate of 45 per cent. ad valorem, a rate higher than that complained of. We regard the articles as knives, and as covered by paragraph 153, and hold that they are so dutiable.

The protests are overruled, and the decision of the collector in each case is affirmed.

B. A. Levett, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

HOLT, District Judge. It is obvious that the instrument in question is not one which can be effectively used for most of the purposes for which an ordinary pocket-knife is used. Still no one would deny that it is a knife. I think few people would term it a toy. The evidence does not satisfy me that it is commercially known as a toy, or is in fact used by children as a plaything, which is the real test of

what is a toy. My opinion is that it would be more proper to classify it as a manufacture of metal than as a knife or a toy, in which case, as suggested in the General Appraisers' decision, the duty would be still higher. But the only question on this appeal is whether it should be assessed as a toy, instead of as a knife, and in my opinion its assessment as a knife is more nearly correct than its assessment as a toy.

The decision of the Board of General Appraisers is therefore affirmed.